



FILED
MAY 2 5 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-20724-C-7 |
| ) | |
| DANIEL E. MORGANSTERN, ) | DC No. CMM-03 |
| ) | |
| Debtor. ) | |
| _____ ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION TO AVOID LIEN

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

### Findings of Fact

On April 26, 2005, debtor filed a motion, notice, and certificate of service requesting that this court avoid a judgment lien in favor of CAL-SPV, Inc., assignee of First USA Bank. The lien attaches to the debtor's residence commonly known as 3750 Fairgrounds Drive, Anderson, CA ("the



property"). A hearing was scheduled for May 24, 2005 to consider the motion. Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

In reviewing debtor's certificate of service, the court observes that debtor served CAL-SPV, Inc. as follows: CAL-SPV, Inc. c/o Davis Law Associates, 964 Fifth Avenue, Suite 320, San Diego, CA 92101.

## Conclusions of Law

Federal Rule of Bankruptcy Procedure 9014(b) requires that a motion initiating a contested matter "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b).

Federal Rule of Bankruptcy Procedure 7004(b)(3) provides in pertinent part:

> Except as provided in subdivision(h), in addition-to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class postage prepaid as follows... Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy of the defendant.

Fed. R. Bank. P. 7004(b)(3).

Here, debtor's service of motion does not comply with the requirement to serve the motion to the attention of an officer or other agent authorized as provided in Rule

2

7004(b)(3). <u>Beneficial California, Inc. v. Villar (In re Villar)</u>, 317 B.R. 88, 93 (9th Cir. BAP 2004). The court notes that a corporation's agent for service of process may be identified by visiting the California Secretary of State's website at www.ss.ca.gov. The website contains a link to the "California Business Portal" which provides an online service titled "California Business Search." Therein, corporate information, including the agent for service of process, may be obtained by entering the corporation's name in the search engine.

The motion will therefore be denied without prejudice. An appropriate order will issue.

Dated: May 25, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

     On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Daniel Morganstern
3750 Fairgrounds Drive
Anderson, CA 96007

Carolyn Monroe
614 Azalea Avenue
Redding, CA 96002

John W. Reger
P.O. Box 933
Palo Cedro, CA 96073

CAL-SPV, Inc.
c/o Davis Law Associates
964 Fifth Avenue, Suite 320
San Diego, CA 92101

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated:  MAY 26 2005

_____
Deputy Clerk

Sarah Potter